UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 10-53-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| JOHNNY DALE MARCUM, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

You are Officer Emby Coy Wilson, standing in a Kroger parking lot. You just arrested Johnny Dale Marcum for shoplifting sandwich bags, a Tupperware container, and, curiously, a funnel. Lest you have any doubt about Marcum's purpose, in his pocket you find a cigarette pack containing a piece of foil, covered in what seems to be meth.

And then things get worse for Marcum. Standing next to his gold Pontiac Bonneville in the Kroger lot, you remember the night before: Acting on a tip that co-defendant Oba Layton Champlin was manufacturing meth and would have "stuff" in his car, you chased Champlin in his Pontiac Grand Prix. He eventually abandoned it, and you found what you expected—lithium batteries, meth, and Sudafed. You discovered that the car was registered to Brenda Alsip and drove to her house, where you saw Johnny Dale Marcum's *very car* sitting outside. Now, having collected evidence that Marcum was involved in meth manufacture and arrested him for shoplifting, you are standing outside the car and see a backpack and Wal-Mart shopping bags in the back. More stolen goods? More evidence of meth manufacture? You have probable cause to open the door and find out. *See United States v. Graham*, 275 F.3d 490, 509 (6th Cir.

2001) ("Where a law enforcement agent has no warrant to search an automobile, he may still conduct a search pursuant to the 'automobile exception' if he has probable cause to believe that instrumentalities or evidence of crime may be found in the vehicle to be searched.") (citation omitted).

**DISCUSSION**

Magistrate Judge Hanly Ingram's Report and Recommendation correctly denies Marcum's motion to suppress the evidence Officer Wilson recovered from his car. To begin, Marcum unpersuasively argues that Officer Wilson lacked probable cause to believe that he was involved in meth manufacturing at the time of the search. Marcum seeks to parse out each piece of evidence and explain how it, alone, does not supply probable cause. For instance, he says that even if the items stolen are commonly used to make meth, they were nonetheless legal and ordinary. And he adds that Officer Wilson could not be certain at the time of the search that the substance in his pocket was meth. But these things must be considered collectively, as part of the *totality* of the circumstances. *Smith v. Thornburg*, 136 F.3d 1070, 1074-75 (6th Cir. 1998). Add these two facts to the events surrounding Marcum's very car the night before—events of which Officer Wilson was aware—and Officer Wilson had probable cause to believe that Marcum was involved in the manufacture of meth.

More specifically, Officer Wilson also had probable cause to believe he would find evidence of either shoplifting of meth manufacturing in the car. Investigators in Officer Wilson's shoes need not have direct evidence that they will find incriminating material in a car to have probable cause to search it. Rather, they can reasonably infer it "based on the nature of

2

the evidence sought and the type of offense that the defendant is suspected of having committed." *United States v. Sneed*, 385 F. App'x 551, 556 (6th Cir. 2010). For example, an investigator has probable cause to search the residence of a suspected drug dealer with "ongoing operations," even if the investigator has no "direct known link between the criminal activity and [the] residence," because "in the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Newton*, 389 F.3d 631, 636 (6th Cir. 2004) *vacated on other grounds*, 546 U.S. 803 (2005); *see also United States v. Lapsins*, 570 F.3d 758, 766 (6th Cir. 2009) (holding that police had probable cause to search defendant's home computer because (1) child pornography was uploaded under his screen name at a time when he was likely to be home, (2) the images were uploaded from an IP address associated with a residential cable modem in the area, and (3) child pornography is most likely to be stored on relatively private home computers).

Here, then, both the nature of the suspected offenses and the evidence sought supplies probable cause to believe that Officer Wilson would find evidence in the car. That is, both individuals involved in drug operations and shoplifters are prone to store their bounties in their cars—particularly, as here, when those cars are near the location of the crime. *See United States v. Wider*, 951 F.2d 1283, 1286 (D.C. Cir. 1991) ("Once the officers [] became aware that Wider possessed large quantities of crack, packaged for distribution, and that his automobile *was parked nearby*," they had probable cause to search the car) (emphasis added); *United States v. Martinez*, 78 F.3d 399, 401 (8th Cir. 1996) (holding that probable cause to search car existed because sources identified the defendant "as involved in drug trafficking, and authorities found

evidence of drug trafficking during their search of" his home, and because the defendant "owned the Buick, which was *parked near his residence*") (emphasis added); *cf. United States v. Caroline*, 791 F.2d 197, 201 (D.C. Cir. 1986) (probable cause to search for evidence of shoplifting in a car).

But even setting aside the nature of the offense and the evidence sought, the particular facts of this case did supply direct evidence that the car would contain fruits or instrumentalities of shoplifting or drug manufacturing. Not only, as described above, was the car a likely receptacle of evidence in cases like this one. And not only had Officer Wilson seen the car both at Brenda Alsip's home and near the scene of the shoplifting. *See Wider*, 951 F.2d at 1286; *Martinez*, 78 F.3d at 401. But Officer Wilson recently observed that Marcum's apparent co-manufacturer, Oba Champlin, kept evidence of meth manufacturing in *his* car, registered to the same address at which Officer Wilson saw Marcum's car. *Cf Sneed*, 385 F. App'x at 557-58 (justifying probable cause to search car in part because defendant had a known history of "storing instrumentalities from the robbery in vehicles."). What's more, Officer Wilson could see packages in the back seat. With all this, he had more than a "mere suspicion" that he would find evidence of crime inside the car. *United States. v. Torres-Ramos*, 536 F.3d 542, 555 (6th Cir. 2008). His search of the car was lawful.

Accordingly, it is **ORDERED** that the Court **ADOPTS** and **ACCEPTS** the Report and Recommendation denying the motion to suppress. R. 66. The new trial date is **SCHEDULED** for **April 25, 2011** at **9:00 a.m**. Consistent with the minute order continuing the trial date so that all parties involved have adequate time to consider this decision and prepare for trial, 18 U.S.C.

4

§ 3161(h)(7)(B)(iv), it is **ORDERED** that the time between entry of this order and the new trial date is **EXCLUDED** from the Speedy Trial Act clock. *See* R. 71. This should provide counsel adequate time to prepare in light of this opinion. If either party would like the trial advanced, it should notify the Court, and the Court will be happy to advance the trial date.

This the 25th day of March, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge