UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 10-53(3)-ART |
| v. | ) ) | **MEMORANDUM** |
| JOHNNY DALE MARCUM, | ) ) | **OPINION & ORDER** |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In June 2011, Johnny Dale Marcum pled guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. *See* Plea Agreement, R. 123. On the cusp of his sentencing five months later, Marcum moved to withdraw his plea on the grounds that he was unaware he would be sentenced as a career offender when he decided to plead guilty. R. 178. Marcum has not, however, shown a fair and just reason for withdrawing his plea, *see* Fed. R. Crim. P. 11(d), so the Court must deny his motion.

## BACKGROUND

Marcum came before Magistrate Judge Hanly A. Ingram to enter a guilty plea on June 14, 2011. Judge Ingram found that Marcum was mentally competent to enter a guilty plea, Tr., R. 161 at 20, and Marcum reported that he was satisfied with the advice he had received from his lawyer, *id.* at 21. In exchange for Marcum's guilty plea, the government agreed to dismiss one of the counts filed against him, leaving only one count of conspiracy to manufacture methamphetamine. R. 123. The plea agreement recommended that Marcum

receive an offense-level reduction for his acceptance of responsibility, but it did not stipulate to Marcum's criminal history. *Id.* ¶¶ 5-6.

At the rearraignment, Judge Ingram warned Marcum that his plea agreement was not a guarantee of a particular sentence. Specifically, he told Marcum that the agreement only contained "recommendations" about sentencing guideline calculations, and that those recommendations were "not binding." R. 161 at 27. Judge Ingram also emphasized the possible penalties that Marcum could face by pleading guilty. He told Marcum that "if you plead guilty, sir, and your plea's accepted, you face a maximum period of incarceration of not more than 20 years." *Id*. at 44. Marcum said he understood that penalty was possible. *Id*. Judge Ingram further explained that "until a presentence report is completed, it will be impossible for the Court, for you, or for your attorney, or for [the Assistant U.S. Attorney] to know precisely what the guideline sentence range will be in your case." *Id*. at 48. Judge Ingram specifically told Marcum that he could receive a sentence "more severe than you expect today," and if that occurred, "you still would not be able to withdraw your guilty plea." *Id*. at 50. Again, Marcum said he understood. *Id*. at 48, 50. Marcum also said that no one promised him a specific sentence or told him what his sentence would be in exchange for entering a guilty plea. *Id*. at 39. Satisfied that Marcum had made a knowing and voluntary decision, Judge Ingram accepted his guilty plea. *Id.* at 82.

After the rearraignment, Marcum's presentence investigation report revealed that, as a result of convictions in 1991 for burglary and 2003 for robbery, he was a career offender under the Sentencing Guidelines. *See* U.S. Sentencing Guidelines § 4B1.1. At his sentencing hearing on November 8, 2011, Marcum moved to withdraw his guilty plea,

2

claiming that he was unaware of his career offender status when he pled guilty. R. 178-1 at 2. Marcum's status as a career offender means his guidelines range is 151 to 188 months; if he were not a career offender, his range would be 30 to 37 months. *Id*.

## DISCUSSION

Under Federal Rule of Criminal Procedure 11(d), a defendant may withdraw a guilty plea only if he can show a fair and just reason for the withdrawal. To decide whether a fair and just reason exists, the Court considers seven factors: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) the potential prejudice to the government if the motion to withdraw is granted. *United States v. Wynn*, No. 10-2031, 2011 WL 6224544, at *1 (6th Cir. Dec. 15, 2011) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).

In this case, the first six factors all weigh against Marcum. First, nearly five months passed between Marcum's guilty plea and his motion to withdraw. The Sixth Circuit has held that shorter delays weighed against a defendant. *See United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (holding that a ninety-three day delay weighed against allowing a defendant to withdraw his plea and noting that "[t]his Court has declined to allow plea withdrawal when intervening time periods were as brief as one month"); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (describing a defendant's delay of seventy-

seven days before moving to withdraw a plea as the "strongest factor supporting the district court's denial" of the motion). The reason for Marcum's delay is clear: he did not realize his decision to plead guilty was a bad choice until he found out he would be sentenced as a career offender. But a defendant's bad choice is not a valid reason to withdraw a plea. *See United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) ("The aim of the rule is . . . not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."). As a result, the first and second factors both weigh against Marcum.

Marcum also does not fare well on the third factor, whether the defendant has maintained his innocence. At his rearraignment, Marcum did not dispute his role in the methamphetamine conspiracy, R. 161 at 56-58, and he does not assert innocence in his motion to withdraw his guilty plea.

The fourth factor, the circumstances underlying the entry of the guilty plea, similarly weighs against Marcum. In his motion, Marcum argues that because his sentencing guidelines range "so drastically exceeded what he was led to expect by his attorney, his guilty plea can not be said to have been knowingly and voluntarily entered." R. 178-1 at 2. But the rearraignment transcript belies this argument. Judge Ingram told Marcum that he could receive a sentence "more severe than you expect today," and if that occurred, "you still would not be able to withdraw your guilty plea." *Id*. at 50. Marcum indicated that he understood this risk and still wished to plead guilty. *Id*. Moreover, a defendant's guilty plea does not become unknowing or involuntary simply because the defendant receives a longer sentence than he expected. *See, e.g.*, *United States v. Wilhite*, 929 F.2d 702 (6th Cir. 1991)

4

(unpublished table decision) ("Concerns for due process do not require that a criminal defendant be placed on advance notice of the application of a career offender sentence under guideline 4B1.1, so long as the defendant has . . . been afforded an adequate opportunity to challenge the factual basis for applying the enhancement."); *United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990) ("Because appellant was fully aware that his ultimate sentence under the agreement was subject to later determination by the court . . . the fact that he did not know specifically that he would be subject to sentencing in [a particular] range does not mean that it was entered into unknowingly and unintelligently."); *see also United States v. Elliott*, No. 06-101, 2011 WL 1793384, at *4 (E.D. Ky. May 11, 2011) (citing cases). Based on both the record and the case law, Marcum's plea was knowing and voluntary.

Marcum's lengthy experience with the criminal justice system also weighs against him. According to his presentence report, Marcum has repeatedly pled guilty to prior criminal charges. As recently as 2009, he pled guilty to operating a motor vehicle under the influence of alcohol or drugs. He is clearly familiar with the criminal justice system and the plea bargaining process.

Finally, the government "is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Benton*, 639 F.3d at 729 (quoting *United States v. Ellis*, 470 F.3d 275, 286 (6th Cir. 2006)). Here, the first six factors all weigh against Marcum, so the government is not required to prove the seventh factor, that it would be prejudiced by withdrawal of the plea. Because Marcum has not shown a fair and just reason to allow him to withdraw his guilty plea, the Court must deny his motion.

## CONCLUSION

Accordingly, it is **ORDERED** that Marcum's motion to withdraw his guilty plea, R. 178, is **DENIED**. It is further **ORDERED** that sentencing proceedings are set for Marcum on **Tuesday, February 14, 2012**, at **2:00 p.m.** at the United States Courthouse in **London, Kentucky.**

This the 4th day of January, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge