UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | NO. 6:10-CR-53-KKC-HAI-3 |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **JOHNNY DALE MARCUM,** | |
| **Defendant.** | |

*******************

This matter is before the Court on Magistrate Judge Hanly A. Ingram's Recommended Disposition (DE 350) regarding the defendant's reported violations of supervised release conditions. This is his third revocation.

On August 28, 2024, the United States Probation Office ("USPO") reported that Marcum violated his conditions of supervised release by committing a federal, state, or local crime (the "Violation"). Specifically, the USPO discovered that Marcum had been arrested and charged with Assault, 4th Degree, Domestic Violence, Minor Injury (KRS § 508.030). Marcum pleaded guilty to this misdemeanor at his state-court arraignment. But at the final hearing on the Violation allegations, he argued that he never struck or assaulted the victim, Margaret Whicker. (DE 346.)

Judge Ingram ultimately found by a preponderance of the evidence that Marcum did commit the Violation and now recommends that the Court revoke his supervised release and impose an incarceration period of twelve (12) months, followed

by twenty-four (24) months of supervised release. Marcum, who is represented by counsel, has filed an objection to Judge Ingram's findings and requests that this Court hold another hearing to determine whether the Violation occurred. (DE 353.)

An additional hearing on this matter is not required or necessary. Notably, Marcum does not point to any particular details of the recommendation that he takes issue with. Marcum instead broadly argues that Judge Ingram's finding by a preponderance of the evidence that he committed the Violation was wrong and that the Court should hold another hearing to make that determination itself.

Generally, this Court must make a *de novo* determination of those portions of a recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). In order to receive *de novo* review by this Court, any objection to the recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted because it duplicates the magistrate judge's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, Marcum provided no specificity whatsoever in making his objection to Judge Ingram's recommendation. He also fails to explain how conducting another hearing on the matter would alter the Court's consideration. For example, he does not propose to submit new evidence or call additional witnesses. To hold another

hearing would certainly duplicate the magistrate judge's efforts and waste judicial economy—the very things that the Sixth Circuit warns against. *Id.* The Court cannot find that Mercum's objection is sufficiently definite and detailed to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c).

The Court, nevertheless, reviewed the audio recording of the final hearing on the Violation allegations. (DE 346.) For the reasons stated by Judge Ingram at the hearing and written in his recommendation, the Court agrees that the Government met its burden in showing by a preponderance of the evidence that Marcum committed the Violation. There is no reason to discredit the testimony of the probation officer and arresting officer, who both testified that Whicker told them that Marcum assaulted her at their home. Marcum himself pleaded guilty to the assault at the subsequent arraignment in state court. It is unconvincing that Marcum would plead guilty to the assault if he did not do it, given his time in the criminal justice system and knowledge that he was under federal supervised release.

Accordingly, having reviewed the recommendation and agreeing with its analysis, the Court hereby ORDERS as follows:

1) The recommended disposition (DE 350) is ADOPTED as the Court's opinion;
2) A judgment consistent with this order and the recommended disposition will be entered.

This 17th day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY